**SO ORDERED.**

**SIGNED May 18, 2021.**



_____
**JOHN W. KOLWE
UNITED STATES BANKRUPTCY JUDGE**

_____

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| INRE: | BADON, BARRY WAYNE<br>BADON, STACY DEANN<br>Debtor(s) | CASE NO. 20-20333<br><br>Chapter 7 |

### ORDER AUTHORIZING SHORT SALE OF PROPERTY FREE AND CLEAR OF ALL LIENS AND ENCUMBRANCES AND SURCHARGE AGREEMENT BEWTEEN SECURED LENDER AND ESTATE AND OTHER RELIEF

This matter was set for hearing, if and only if objection, on the 19th day of May, 2021. After a review of the law and evidence presented, this Court determined that:

(a) The Trustee's "Motion to Sell Real Property Free and Clear of Liens…" (the "Motion") concerning the property described below, was properly filed with the Court on April 26, 2021 (Docket #38);

(b) Notice of the hearing on the Application was proper, including notice to all putative owners of the subject property.

(c) This Court has jurisdiction and authority to hear and determine the Application pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(A) and (N). Venue of this case in this district is proper under 28 U.S.C. § 1409. The statutory predicates for the relief sought herein are Sections 105 and 363 of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure 2002 and 6004.

(d) No objections to the Application were filed.

(e) The sale contemplated by the Application is in the best interests of the estate.

(g) The buyer is hereby deemed to have been acting in good faith within the meaning of Section 363(m) of the Bankruptcy Code in closing the transactions contemplated by the Real Estate Sales Contract.

**THEREFORE, IT IS ORDERED THAT**:

1. The Trustee's "Motion to Sell Real Property Free and Clear of Liens…" (Docket #38) is hereby GRANTED.

2. The Trustee is authorized to sell the real property located at:

**THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE PARISH OF CALCASIEU, STATE OF LOUISIANA AND IS DESCRIBED AS FOLLOWS:**

**That certain piece or portion of ground, together with all buildings and improvements thereon, situated in the Parish of Calcasieu, State of Louisiana, more fully described as follows: Lot 4 of Cliff Estates a subdivision as per plat filed in Plat Book 45, Page 12, under File Entry No. 3157821, records of Calcasieu Parish, Louisiana.**

more commonly known as 4437 Choupique Rd Sulphur, LA 70665 (the "Real Property"), for $420,000.00, conditioned on the consent of its lienholder(s), and in accordance with the terms provided for in the Motion.

3. The Trustee is authorized to pay the secured mortgage creditor, Shellpoint Mortgage, (also known as "Secured Creditor") the full amount of its lien as of the date of closing or other amount agreeable to the Secured Creditor to release its lien.

4. The Trustee is authorized to take any all actions and to execute any and all documents necessary and appropriate to effectuate and consummate the terms of said sale, including, executing a deed conveying the interests of the Debtors in the Real Property to Tina Davis (the "Buyer").

5. Pursuant to Section 363(f) of the Bankruptcy Code, effective upon closing, the sale of the Real Property will vest in the Buyer(s) all right, title and interest of the Debtors and the bankruptcy estate in the Real Property, free and clear of the liens, claims or interests listed below (collectively, the "Affected Interests"):

   (a). Barry Badon and Stacy Badon, Debtors, name on deed
   (b). Shellpoint Mortgage, mortgage lienholder

6. This Order is and shall be effective as a determination that, upon and subject to the occurrence of the closing of the sale, all Affected Interests have been and hereby are adjudged and declared to be unconditionally released as to the Real Property.

7. The Buyer has not assumed any liabilities of the Debtors.

8. The Trustee, and any escrow agent upon the Trustee's written instruction, shall be authorized to make such disbursements on or after the closing of the sale as are required by the purchase agreement or order of this Court, including, but not limited to, (a) all delinquent real property taxes and outstanding post-petition real property taxes pro-rated as of the closing with respect to the real property included among the purchased assets; and (b) other anticipated closing costs (estimated below):

| | |
|---|---|
| Total Sales/Brokers Commission: | |
| 2% to Latter & Blum, Inc. | $ 8,400.00 |
| 2% to Coldwell Banker | $ 8,400.00 |
| 2% to BK Global Real Estate Services | $ 8,400.00 |
| Title Charges: | $ 1,100.00 |
| Other / Debits | $ 100.00 |
| (incl. 506(c) surcharge, Trustee Liability Insurance) | |
| Satisfaction of Liens: | |
|     Shellpoint Mortgage (home mortgage servicer) | $379,685.51 |

Without further order of the court, the Trustee is authorized to pay closing costs in amounts different than the estimated amounts described above so long as they are within industry standard and with the consent of the lienholder, Secured Creditor and applicable home-owners association.

9. Except as otherwise provided in the Motion, the Real Property shall be sold, transferred, and delivered to Buyers on an "as is, where is" or "with all faults" basis.

10. Buyer is approved as a buyer in good faith in accordance with Section 363(m) of the Bankruptcy Code, and Buyer shall be entitled to all protections of Section 363(m) of the Bankruptcy Code.

11. This Court retains jurisdiction to enforce and implement the terms and provisions of this Order and the purchase agreement, all amendments thereto, any waivers and consents thereunder, and each of the documents executed in connection therewith in all respects, including retaining jurisdiction to (a) compel delivery of the Real Property to the Buyer(s), (b) resolve any disputes arising under or related to the purchase agreement, and (c) resolve any disputes regarding liens, claims, or interests asserted against the Real Property.

12. The purchase agreement and any related documents or other instruments may be modified, amended or supplemented by the parties thereto, in a writing signed by both parties without further order of the Court, provided that any such modification, amendment or supplement does not have a material adverse effect on the Debtors' bankruptcy estate.

13. Any closing cost paid by the closing or title agent on the seller's behalf shall be deemed to constitute a distribution by the trustee for purposes of determining the trustee's compensation pursuant to Section 326 of the Bankruptcy Code.

14. The provisions of Rules 6004(g) and 6006(d) shall not apply to stay consummation of the sale of the Property and the Trustee is hereby authorized to consummate the transactions

contemplated and approved herein immediately upon entry of this Order.

# # #

Submitted by:
Lucy G. Sikes, #22787
Chapter 7 Trustee
Attorney at Law
Post Office Box 52545
Lafayette, LA 70505-2545
Telephone: 337-366-0214
Email: lucygsikes1@gmail.com